UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CHARLES WANG,

    Petitioner,

vs.

DAVID PULIDO, et al.,

    Respondents.

No. C 09-3549 PJH (PR)

**ORDER OF DISMISSAL**

Petitioner has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee. The petition is directed to a revocation of probation.

Venue is proper in this district because the revocation occurred in Santa Clara County, which is in this district. *See* 28 U.S.C. § 2241(d).

**DISCUSSION**

**A.    Standard of Review**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts

that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    Analysis**

Petitioner concedes that when he filed the petition he was not in custody serving the revocation term. In consequence, he cannot use a federal habeas petition to challenge the revocation. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (habeas petitioner must be in custody under the conviction or sentence under attack at the time the petition is filed). In addition, the expiration of the revocation sentence moots the case. *See Spencer v. Kemna*, 523 U.S. 1, 13 (1998).

## CONCLUSION

For the foregoing reasons, the petition is summarily **DISMISSED**. *See* Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: 1/19/10

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.09\WANG,C3549.DSM.wpd

2