UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES WANG,

    Petitioner,

  vs.

DAVID PULIDO, et al.,

    Respondents.

                                      /

No. C 09-3549 PJH (PR)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner. The court summarily dismissed the petition. Petitioner has filed a timely notice of appeal. Although he does not ask for a certificate of appealability ("COA"), the notice of appeal will be deemed to be such a request. *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997) (if no express request is made for a COA, the notice of appeal shall be deemed to constitute a request for a certificate).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at

least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.  As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485.  Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here.  *See id.*

The petition was dismissed because petitioner conceded in the petition itself that he is no longer in custody on the probabtion revocation he wants to challenge, *see Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (habeas petitioner must be in custody under the conviction or sentence under attack at the time the petition is filed), and because completion of a revocation sentence moots any habeas challenge to it, *see Spencer v. Kemna*, 523 U.S. 1, 13 (1998).  Jurists of reason would not find these points debatable. The request for a certificate of appealability implied from the notice of appeal is **DENIED**.

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals.  *See* Fed. R.App.P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Petitioner may then ask the Court of Appeals to issue the certificate, *see* R.App.P. 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, *see* R.App.P. 22(b)(2).

**IT IS SO ORDERED.**

Dated:  March 16, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.09\WANG,C3549.COA.wpd